**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN P GINGRAS,** | Case No.: 12-CV-05509 YGR |
| **Plaintiff,** | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |
| vs. | |
| **COUNTY OF SACRAMENTO, CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM, and METROVIEW CONSULTING,** | |
| **Defendant(s).** | |

Plaintiff alleges that Defendant County of Sacramento[1] over-garnished $48,000.00 in past-due child support obligations from an account Plaintiff has with Defendant California State Teachers Retirement System ("CalSTRS"), and that the County of Sacramento hired a private investigation firm, Defendant Metroview Consulting, to follow Plaintiff. Plaintiff brings seven claims: (1) Fraudulent Intentional Misuse of Process; (2) Silent Malicious Intentional Fraud; (3) Conversion; (4) Fraudulent Misrepresentation; (5) Violations of Due Process Rights as Guaranteed by the Bill of Rights; (6) Intentional and Negligent Emotional Distress; and (7) Invasion of Privacy.

Both the County of Sacramento and CalSTRS have filed Motions to Dismiss. Plaintiff separately has moved for a temporary restraining order to prevent Metroview Consulting's private investigators from physically and electronically stalking him. Having carefully considered the papers submitted and the pleadings in this action, the Court hereby **GRANTS IN PART** both Motions to Dismiss **WITH LEAVE TO AMEND** consistent with this Order, and **DENIES** the Motion for an *Ex Parte* Temporary Restraining Order.

---

[1] The County of Sacramento has been sued as Sacramento County Department of Child Support Services.

## I. DISCUSSION

The County of Sacramento moves to dismiss on the grounds that: (1) Plaintiff fails to set forth sufficient factual allegations to support any of his claims; (2) his state law claims for fraud, conversion, and negligent and intentional infliction of emotional distress are common law claims that cannot be brought against a public entity, *see* Cal. Gov. Code § 815; (3) his fraud and conversion claims are barred by Cal. Gov. Code § 818.8; (4) he failed to comply with the Government Claims Act, Cal. Gov. Code § 945.4; and (5) this action was filed in the wrong venue because it should have been filed in the Eastern District of California. CalSTRS moves to dismiss on the grounds that: (1) claims against a state agency are barred by the Eleventh Amendment; (2) a state agency is not a "person" subject to suit under 42 U.S.C. § 1983; (3) Plaintiff has failed to state a claim against CalSTRS upon which relief may be granted; (4) he failed to present a claim to CalSTRS under the Government Claims Act, Cal. Gov. Code §§ 910, 945.4 & 950.2; and (5) service of the Complaint on CalSTRS was inadequate.

The Court **GRANTS** both Motions to Dismiss **WITH LEAVE TO AMEND** for failure to state a claim upon which relief can be granted. The Court **DENIES** both Motions to Dismiss insofar as they seek dismissal for improper venue or improper service. The Court **DENIES** Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order because Plaintiff has not set forth sufficient grounds to show that he is entitled to emergency relief without providing actual notice to the parties he seeks to enjoin.

All of the pleading deficiencies identified in the Defendants' motions have merit. Plaintiff concedes that he has failed to allege compliance with the administrative claim processing requirement and indicates that he will be amending his complaint to allege such compliance. However, Plaintiff will need to address all of the pleading deficiencies that the Defendants have identified, as set forth herein:

(1) **Eleventh Amendment Immunity.**

Plaintiff needs to allege specific facts that show the Eleventh Amendment does not bar his claims against CalSTRS. The Eleventh Amendment provides sovereign immunity for states and bars lawsuits in federal court against states or their agencies unless the state has specifically waived

its sovereign immunity. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Congress can abrogate or limit a state's Eleventh Amendment immunity under § 5 of the Fourteenth Amendment, but such abrogation requires an "unequivocal expression" of Congressional intent, and is a limited power. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). The Eleventh Amendment does not bar lawsuits against counties. *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.54 (1978).

### (2) **Federal Constitutional Claims.**

Section 1983 of Title 42 of the United States Code, 42 U.S.C. § 1983, ("Section 1983") can provide a cause of action against persons[2] acting under color of state law who have violated the United States Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). In general, governmental entities such as the County of Sacramento may not be held responsible for the acts of their employees. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Because municipal liability must be based on the actions of the municipality and not the actions of its employees, to impose liability on the County of Sacramento under Section 1983, Plaintiff must demonstrate that the constitutional deprivation was the product of a policy, practice, or custom of the local governmental entity. *Id.*

In order to state a Section 1983 cause of action against a local governmental entity such as the County of Sacramento, Plaintiff will need to identify:

  *a)* A specific federal constitutional right that was violated;

  *b)* A specific custom, policy or practice of the entity that has deprived Plaintiff of that constitutional right;

  *c)* An affirmative causal link between the custom, policy or practice and the alleged constitutional violation; and

---

[2] A state is not a "person" for purposes of Section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). CalSTRS asserts that it is an agency of the State of California, which for purposes of the Section 1983 analysis would make CalSTRS an arm of the State of California, and Section 1983 claims against CalSTRS would be barred by the Eleventh Amendment. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).

   *d)*  Sufficient facts to allow the Court to draw the reasonable inference that the defendant can be liable for the misconduct alleged. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**(3)** **State Law Claims.**

Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). In addition, the Eleventh Amendment bars lawsuits in federal court against states or their agencies on the basis of violations of state law, unless the state has specifically waived its sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124-25 (1984). In order to sue a governmental entity for violations of state law (for example, here, Plaintiff's state law causes of action include Conversion and Fraudulent Misrepresentation), Plaintiff must:

   *a)*  Identify the specific statute(s), if any, that waives that governmental entity's immunity from suit;

   *b)*  Provide sufficient factual content that allows the Court to draw the reasonable inference that the defendant can be liable for the misconduct alleged. *See Twombly*, *supra*, 550 U.S. 544; and

   *c)*  Allege facts that show Plaintiff complied with the administrative requirements of the Government Claims Act, if such facts exist.

**II. CONCLUSION**

For the reasons set forth above, the Court Orders as follows:

(1) Defendant County of Sacramento's Motion to Dismiss is **GRANTED IN PART**;

(2) Defendant CalSTRS' Motion to Dismiss is **GRANTED IN PART**;

(3) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted **WITH LEAVE TO AMEND** to the extent the Complaint can be amended consistent with this Order;

(4) Plaintiff must file his amended complaint by no later than **February 28, 2013**;

(5) Failure to file an amended complaint by such date will result in dismissal of this lawsuit for failure to prosecute;

4

(6) Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order is **DENIED**.

This Order Terminates Docket Numbers 4, 7 & 19.

**IT IS SO ORDERED**.

Date: January 28, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**