UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P GINGRAS,<br><br>      Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM, and METROVIEW CONSULTING,<br><br>      Defendants. | Case No.: 12-CV-05509 YGR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT |

Plaintiff alleges that Defendant County of Sacramento over-garnished $48,000.00 in past-due child support obligations from an account Plaintiff has with Defendant California State Teachers Retirement System ("CalSTRS"), and that the County of Sacramento hired a private investigation firm, Defendant MetroView Consulting, to conduct surveillance on Plaintiff. Plaintiff's Complaint alleges two claims against MetroView Consulting: (1) Intentional and Negligent Emotional Distress and (2) Invasion of Privacy. MetroView Consulting has filed a motion to set aside a clerk's default entered against it.

Having considered the papers submitted, the Court finds that MetroView Consulting has satisfied the good cause standard required to set aside the Clerk's Default.[1] Therefore, and for the reasons set forth below, the Court **GRANTS** the Motion and **SETS ASIDE** the Clerk's Default.

**I.    BACKGROUND**

Defendant MetroView Consulting was served with the summons and complaint by certified mail, delivered on October 29, 2012. (Dkt. No. 5.) On January 25, 2013, after the time for filing a response to the Complaint had elapsed, Plaintiff filed a Motion for Entry of Default as to Defendant

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for March 19, 2013.

MetroView Consulting. (Dkt. No. 26.) A Clerk's Default was entered on February 4, 2013. (Dkt. No. 28.) MetroView Consulting has now moved to set aside the Clerk's Default entered against it. On March 5, 2013, Plaintiff filed a Motion for Entry of Default Judgment, which the Court construes as an opposition to the request to set aside the Clerk's Default.

## II.   LEGAL STANDARD

Under Rule 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alteration in original) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). Due to the strong policy in favor of deciding cases on the merits, a court's refusal to relieve a party of a default is considered a harsh sanction and appropriate only in extreme circumstances. *Id.*

## III.   ANALYSIS

### *1.   Culpable Conduct*

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). In this context the term "intentionally" requires that the Defendant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.*

Here, MetroView Consulting's conduct in not responding to the summons and complaint is not the result of culpable conduct within the meaning of Rule 55(c). Its principal, Mr. Dillon has submitted an affidavit that indicates that the company was unsure how to proceed and was not aware of the legal implication of failing to answer.

### *2.   Meritorious defense*

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not

extraordinarily heavy." *See TCI Group*, *supra*, 244 F.3d at 700 (citations omitted). All that is necessary to satisfy the "meritorious defense" requirement is to "allege sufficient facts that, if true, would constitute a defense." *Id.*

Defendant MetroView proffers an affidavit in support of two defenses: (1) lack of personal jurisdiction and (2) a general denial of the allegations against it. Both would constitute a defense.

### 3.  Prejudice

The standard here is whether the Plaintiff's ability to prosecute its claims will be hindered. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This requires more harm than simply delaying resolution of the case or forcing plaintiff to litigate on the merits. *See TCI Group*, *supra*, 244 F.3d at 701. To be prejudicial, the delay must result in some tangible harm, such as the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *Id.*

Here, Plaintiff would not suffer prejudice if Clerk's Default were set aside. Plaintiff alleges that MetroView Consulting began its surveillance of him in September or October of 2012. There is no indication that any evidence has been lost or that there may be increased difficulties on obtaining discovery.

## IV.  CONCLUSION

Based on the foregoing analysis, the Court finds that MetroView Consulting has set forth facts to satisfy all three factors for setting aside a default under Rule 55(c).

Therefore, Defendant MetroView Consulting's Motion to Set Aside Entry of Default is **GRANTED**.

The Clerk's Default (Dkt. No. 28) is **VACATED** and **SET ASIDE**.

Defendant MetroView Consulting shall file a response to the Complaint by no later than **April 12, 2013**.

This Order Terminates Dkt. No. 29.

**IT IS SO ORDERED**.

Date: March 13, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**