**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN P. GINGRAS,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**COUNTY OF SACRAMENTO, CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM, and METROVIEW CONSULTING,**<br><br>　　　　Defendants. | Case No.: 12-CV-05509 YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

　　This case arises out of allegations by Plaintiff John P. Gingras that the County of Sacramento Department of Child Support Services over-garnished $48,000 in past due child support and then hired a Virginia-based private investigation firm, Defendant MetroView Consulting, to follow Plaintiff. MetroView Consulting has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenging the Court's exercise of personal jurisdiction over it on the basis that it has no connection with California that could justify imposing upon it the burden and inconvenience of defense in California.

　　Having considered the motion to dismiss, the accompanying declaration, and the complaint, the Court finds that Defendant MetroView Consulting's connection with California is too attenuated, under the standards implicit in the Due Process Clause of the Constitution, to exercise personal jurisdiction over it.[1] Therefore, the Court **GRANTS** the Motion to Dismiss.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 28, 2013.

## I. BACKGROUND

According to the Complaint, since September 2012, MetroView Consulting has been following Plaintiff around and flying "small two person's [*sic*] aircraft" over his residence. (*See* Complaint ¶¶ 8, 23, 32.) "[E]mployees of Metroview Consulting LLC [a]re constantly outside the Plaintiff residence" and there is "a constant flow of small aircraft traffic over his place of residence." (*Id.* ¶ 23.) MetroView Consulting employees are "following every move he ma[kes]" such as "show[ing] up at restaurants while [he] was eating (Plaintiff recognized Mr. Dillion from his website …)." (*Id.* ¶¶ 8, 23.) In addition, the "small two person's [*sic*] aircraft constantly flying over his residence [also] follow[ ] him wherever he went. [For instance,] Plaintiff would visit the city's library and the small aircraft would buzz by real low so as two [*sic*] deter entrance into the library." (*Id.* ¶ 32.) Based upon these allegations, Plaintiff brings two claims against MetroView Consulting: Intentional and Negligent Infliction of Emotional Distress (Sixth Cause of Action) and Invasion of Privacy (Seventh Cause of Action).[2]

## II. LEGAL STANDARD

MetroView Consulting has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenging the Court's exercise of personal jurisdiction over it.

The Due Process Clause of the Constitution operates as a limitation on the exercise of personal jurisdiction over a non-resident defendant[3]:

> It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. … The existence of personal jurisdiction, in turn, depends

---

[2] The Court granted motions to dismiss filed by co-Defendants County of Sacramento and CalSTRS with leave to amend his complaint by February 28, 2013. (Dkt. No. 27.) Plaintiff has not amended his complaint.

[3] In addition to due process, the assertion of personal jurisdiction over a non-resident defendant must satisfy the forum state's personal jurisdiction statute. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California allows for the exercise of personal jurisdiction whenever federal due process is satisfied. Cal. Civ. Proc. Code § 410.10 ("any basis not inconsistent with the Constitution of the state or of the United States"). For that reason, the Court need only consider whether the exercise of jurisdiction over MetroView Consulting comports with federal due process.

> upon … a sufficient connection between the defendant and the forum state to make it fair to require defense of the action in the forum.

*Kulko v. Superior Court*, 436 U.S. 84, 91 (1978). To assert personal jurisdiction over a non-resident defendant, due process requires that the non-resident defendant have sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A non-resident defendant has sufficient minimum contacts if the specific activity giving rise to the plaintiff's causes of action is sufficiently related to the forum state. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952); *Hanson v. Denckla*, 357 U.S. 235, 250-53 (1958).

## III. ANALYSIS

MetroView Consulting contends that it lacks sufficient minimum contacts with California to assert personal jurisdiction over it because MetroView Consulting has never conducted business in California or elsewhere. In support of its Motion to Dismiss, it has filed the Declaration of its principal, Michael E. Dillon (Dkt. No. 38-1). Mr. Dillon declares as follows:

MetroView Consulting is a Virginia Limited Liability Company, established in 2008. (*Id.* at ¶ 2.) Mr. Dillon was unemployed in 2008 and established MetroView Consulting with the intent of providing information technology consulting services. (*Id.* at ¶¶ 2-3.) Mr. Dillon soon found employment and the only work done by, or on behalf of, MetroView Consulting was the creation of its website. (*Id.* at ¶¶ 4, 6.) MetroView Consulting has never entered into any business contracts, generated revenue, incurred liabilities, it has no employees, and it does not own physical assets (such as small aircraft). (*Id.* at ¶ 5.) Through his declaration, Mr. Dillon also denies that MetroView Consulting engaged in any of the activities that Plaintiff claims it conducted in California. (*See id.* at ¶¶ 7-10). According to Mr. Dillon, MetroView Consulting has never contracted with the County of Sacramento (or any other entity) to provide services, has not conducted business in California (or anywhere) or surveilled Plaintiff. (*Id.* at ¶¶ 7-8.)

Where, as here, a motion to dismiss is based on written materials—*i.e.*, the declaration of Mr. Dillon—Plaintiff must produce admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff has not opposed the motion, and thus, has not carried his burden to produce

evidence, which, if believed, would establish personal jurisdiction. Accepting as true the uncontroverted evidence provided in support of the Motion to Dismiss, the Court concludes that MetroView Consulting lacks sufficient minimum contacts with California to satisfy due process.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that there is no basis for it to exercise personal jurisdiction over Defendant MetroView Consulting.

Defendant MetroView Consulting's Motion to Dismiss is **GRANTED**.

All claims against Defendant MetroView Consulting are **DISMISSED**.

The Court will enter a judgment by separate Order.

This Order Terminates Dkt. No. 38.

**IT IS SO ORDERED**.

Date: May 23, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**